**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**AQUAPOLY EQUIPMENT CO.,**

Plaintiff,

v.

**AEC, INC., and CARL R. GILLIG,**

Defendants.

Civil No. 00-254 (PAM/JGL)

**ORDER**

APPEARANCES

Deborah A. Ellingboe, Esq., and John Edward Connelly, Esq., for Defendant AEC, Inc.

Glenn P. Bruder, Esq., for Plaintiff.

Linda Jensen, Esq., for Defendant Carl R. Gillig.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on November 9, 2000, on Defendant AEC, Inc.'s motion for leave to amend its answer and counterclaim and for additional time to conduct discovery (Doc. No. 47). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Federal Rule of Civil Procedure 15(a) governs a party's right to amend its pleadings, and leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) (1999). Courts have taken a liberal position in

NOV 15 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

granting leave to amend, and such motions usually should be granted absent good reason for a denial. See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). Inclusion of a claim based on facts already known or available to both parties ordinarily does not prejudice the non-movant. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981) (citation omitted). Finally, an amendment to a pleading should be denied only if it asserts "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994) (quoting Buder, 644 F.2d at 695).

In this case, the Court grants AEC leave to amend its answer and counterclaim to include claims for breach of contract and fraud, to seek a declaration that AEC has good cause to terminate any franchise that might exist due to Plaintiff Aquapoly's sale of competitive equipment lines and for abandoning certain AEC equipment lines, and to plead additional defenses arising from Plaintiff's alleged material breaches. Defendant AEC learned during a deposition on September 21, 2000, that Plaintiff allegedly was selling a product line in material breach of an agency agreement at issue in this case, which is the factual basis on which AEC now seeks leave to amend its answer and counterclaim. AEC brought its motion to amend on October 17, 2000. The Court finds that AEC did not unduly delay its motion, did not act in bad faith or dilatorily, and did not fail to cure a deficiency by a previously allowed

amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962). Likewise, the Court concludes that any possible prejudice to Plaintiff is outweighed by the above-mentioned factors, the possibility that Plaintiff purposefully concealed the alleged breach, and because Plaintiff already knew or had access to the facts pertaining to the alleged breach. Furthermore, the Court agrees with AEC that the newly discovered claims and defenses may be necessary for a fair resolution, and that allowing AEC to amend its pleadings would integrate related issues into one lawsuit, thereby effectuating judicial economy and efficiency. This Court therefore grants Defendant AEC leave to amend its answer and counterclaim.

Turning to AEC's request for additional discovery, AEC essentially is asking the Court to modify the discovery deadline in the pretrial schedule. A request to modify a pretrial scheduling order requires a showing of good cause by the moving party. See D. Minn. LR 16.3. In the present case, the Court finds good cause exists to modify the schedule because of the newly discovered claims and defenses. At the hearing, AEC stated that it would need to conduct approximately two additional depositions and that the additional discovery would take thirty to forty-five days. Therefore, the pretrial scheduling order is

amended, and the parties may conduct additional discovery on AEC's new claims and defenses until December 29, 2000.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Defendant AEC, Inc.'s motion for leave to amend its answer and counterclaim and for additional time to conduct discovery (Doc. No. 47) is **GRANTED**. AEC must file and serve its amended answer and counterclaim by November 20, 2000. Plaintiff must file and serve its amended reply to AEC's amended counterclaim by November 30, 2000. The discovery deadline is extended to December 29, 2000.

Dated: November 15, 2000.

JONATHAN LEBEDOFF
United States Magistrate Judge