**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**AQUAPOLY EQUIPMENT CO.,**

Plaintiff,

v.

**AEC, INC., and CARL R. GILLIG, individually and dba CRG SYSTEMS,**

Defendants.

Civil No. 00-254 (PAM/JGL)

**O R D E R**

APPEARANCES

John Edward Connelly, Esq., for Defendant AEC, Inc.

Glenn P. Bruder, Esq., for Plaintiff Aquapoly Equipment Co.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on February 13, 2001 on Defendant AEC, Inc.'s motion to compel, for leave to take depositions, and for sanctions (Doc. No. 73); and Plaintiff Aquapoly's motion for order regarding discovery issues (Doc. No. 78). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

The following procedural history provides a context for the current motions. On September 21, 2000, Defendant AEC learned during a deposition that Plaintiff Aquapoly allegedly sold a product line in material breach of an

FILED FEB 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

agency agreement at issue in this case. As a result, Defendant brought a motion before this Court seeking leave to amend its answer and counterclaim. On November 15, 2000, this Court granted Defendant AEC leave to amend its answer and counterclaim to include claims for breach of contract and fraud, to seek a declaration that AEC has good cause to terminate any franchise that might exist due to Plaintiff Aquapoly's sale of competitive equipment lines and for abandoning certain AEC equipment lines, and to plead additional defenses arising from Plaintiff's alleged material breaches. In addition, the Court found good cause to modify the schedule because of the newly discovered claims and defenses. AEC was granted leave to take two additional depositions, and both parties were permitted to conduct additional discovery on the new claims and defenses until December 29, 2000. This case is scheduled for trial on April 2, 2001.

## I. **Defendant AEC, Inc.'s Motion to Compel, for Leave to Take Depositions, and for Sanctions**

As permitted by this Court's Order of November 15, 2000, Defendant served a second and third set of interrogatories and document requests on Plaintiff. Plaintiff did not respond to either set of requests by the December 29, 2000 deadline. Defendant credibly states that it needed to receive and evaluate the discovery from Plaintiff before it could conduct the permitted depositions. Nevertheless, on December 28, 2000, the day before the end of discovery, Plaintiff Aquapoly refused to allow Defendant to conduct the

depositions, had not provided the discovery responses, did not advise Defendant as to when the responses would be disclosed, and did not request an extension of time to respond. Plaintiff provided responses to both sets of discovery on January 10, 2001.

Plaintiff concedes that its responses to the second set of requests were due by December 15, 2000, and were therefore untimely. However, Plaintiff maintains that its responses to Defendant's third set of requests were timely served as long as one accounts for the Christmas and New Year holidays. The Court directs Plaintiff to Federal Rule of Civil Procedure 6(a), which provides that weekends and holidays are excluded from the computation of time only when the relevant period of time is less than eleven days. Here, the relevant period of time to respond to discovery was thirty days. See Fed. R. Civ. P. 33(b)(3), 34(b). Consequently, Plaintiff's responses to the third set of discovery requests were untimely.

Defendant argues that Plaintiff has waived its objections by failing to object within thirty days as mandated by the Rules and asks the Court to deem Plaintiff's objections waived. Defendant also submits that Plaintiff's responses were inadequate and asks the Court to order Plaintiff to fully answer each interrogatory and document request.

The Court declines to determine whether the responses were adequate because Defendant did not identify the specific responses at issue,

nor did Defendant provide the Court with specific grounds as to why each answer was inadequate. The District of Minnesota Local Rule 37.2 governs discovery motions and requires the moving party to include in its memorandum of law, with respect to each disputed interrogatory: (a) a verbatim recitation of the interrogatory, (b) the verbatim response to the interrogatory, and (c) a concise explanation of why the moving party believes each response was improper. Defendant has only attached as exhibits the sets of interrogatories and document requests served on Plaintiff and Plaintiff's responses. The Court cannot meaningfully decide what information must be disclosed unless it knows exactly which requests are at issue, precisely what has been provided or objected to, and specifically why Defendant claims it is entitled to the information. Without this information, discerning the relevance of the requested information and the propriety of Plaintiff's objections is impossible. Thus, the Court will not order disclosure on the basis that Plaintiff's responses were inadequate.

Notwithstanding the foregoing, the Court finds that deeming Plaintiff's objections waived is appropriate. The Court, Defendant AEC, Plaintiff Aquapoly, and counsel have all been very aware of the significance of the tight pretrial schedule in this case since at least November 15, 2000. Plaintiff's purported reasons for the delay – that a representative of Aquapoly took the documents home with him and that Plaintiff's counsel works for a small firm –

are not good cause for the delay. Therefore, Plaintiff is ordered to fully respond to Defendant's second and third sets of discovery requests to the extent it has not already done so, without objection, and with the exception that Plaintiff must provide only relevant, non-privileged information relating to Defendant AEC's new claims and defenses. Plaintiff must provide the responses by February 23, 2001.

The Court also grants Defendant AEC's request for leave to take the two depositions previously permitted by the Court. In so ordering, the Court does not extend the discovery period or amend the pretrial schedule. Defendant must complete the depositions by March 16, 2000, and the Court advises Plaintiff against employing any litigation tactics designed to cause Defendant to breach this deadline. Finally, Defendant's request for sanctions and fees is denied.

## II. **Plaintiff's Motion to Extend the Discovery Deadline and to Compel Discovery**

As an initial matter, the Court notes that Plaintiff's counsel did not call for a hearing date before filing its motion as is the mandatory practice in this District. In addition, Plaintiff's counsel concedes that he failed to meet and confer with Defendant's counsel as required by Local Rule 37.1. In the interest of time, however, the Court will dispose of Plaintiff's motion despite its procedural defects.

Plaintiff Aquapoly first asks this Court to modify the pretrial schedule and reopen all discovery. Plaintiff asserts no good cause to reopen all discovery in this case, as required by Local Rule 16.3, and the Court finds no reason to modify the pretrial schedule. Both Aquapoly and AEC were allowed to conduct additional discovery on AEC's new claims and defenses until December 29, 2000, as permitted by this Court's Order of November 15, 2000, and Plaintiff does not acceptably explain why it could not complete discovery within this time frame. A court has no obligation to reopen discovery after the deadline for discovery has passed. See McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1409 (8th Cir. 1994). Consequently, the only discovery allowed pursuant to this Order is the limited discovery permitted in Part I. Plaintiff's motion to extend the discovery deadline is denied.

As for Plaintiff's motion to compel, Plaintiff does not provide the Court with specific explanations as to why the responses were inadequate as required by Rule 37.2. Like Defendant, Plaintiff merely attaches as exhibits the requests and responses. However, at the motion hearing, Defendant

represented to the Court and to Plaintiff that it would supplement its discovery responses, and this portion of the motion is therefore denied as moot.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Defendant AEC, Inc.'s motion to compel, for leave to take depositions, and for sanctions (Doc. No. 73) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in Part I of this Order; and

(2) Plaintiff Aquapoly's motion for order regarding discovery issues (Doc. No. 78) is **DENIED**.

Dated: February 15, 2001.

JONATHAN LEBEDOFF
United States Magistrate Judge